| | | |
|---|---|---|
| Molly S. Blythe, et al., | ) | Case No.: 3:16-cv-97 |
| | ) | |
| Plaintiffs, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | **ANSWER AND JURY DEMAND OF** |
| | ) | **DEFENDANT RANDALL S.** |
| Randall S. Schlievert, M.D., in his | ) | **SCHLIEVERT, M.D.** |
| individual capacity, et al., | ) | |
| | ) | James E. Brazeau (0016887) |
| Defendants. | ) | Chad M. Thompson (0084044) |
| | ) | Robison, Curphey & O'Connell, LLC |
| | ) | Ninth Floor, Four Seagate |
| | ) | Toledo, OH 43604 |
| | ) | (419) 249-7900 |
| | ) | (419) 249-7911 – facsimile |
| | ) | jbrazeau@rcolaw.com |
| | ) | cthompson@rcolaw.com |
| | ) | |
| | | Attorneys for Defendant Randall S. Schlievert, M.D., in his individual capacity |

For his answer to Plaintiffs' complaint, Defendant Randall S. Schlievert, M.D., in his individual capacity ("this Defendant"), states as follows:

1.     This Defendant incorporates by reference into each and every paragraph of this Defendant's Answer his report of February 1, 2014, his report of April 30, 2014, his deposition of July 29, 2014, and the Purchase of Service Agreement, as are incorporated, *inter alia*, in Plaintiffs' complaint at paragraphs 312, 328, 330, and 300, respectively.  Any pleading in this Defendant's answer is made by way of further answer to the pleading of this paragraph.

## Nature of the Action

2.     Paragraphs 1, 2 and 3 of Plaintiffs' complaint contain legal conclusions to which no responsive pleading is required.  This Defendant denies the factual allegations in paragraphs 1, 2 and 3 of Plaintiffs' complaint as they relate to this Defendant.  This Defendant is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraphs 1, and 3 of Plaintiffs' complaint.

3.     This Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of Plaintiffs' complaint.

## Jurisdiction

4.     Paragraph 5 contains legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining factual allegations contained in paragraph 5 of Plaintiffs' complaint.

## Venue

5.     Paragraph 6 contains legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining factual allegations contained in paragraph 6 of Plaintiffs' complaint.

## Parties

6.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7-15, 17-18, and 20 of Plaintiffs' complaint.

7.     Answering paragraph 16, paragraph 16 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required, including, but not necessarily limited to, paragraph 16's third sentence.  This Defendant admits that he was a medical doctor board certified in general pediatrics and child abuse pediatrics at the time of his review of the case involving Plaintiff K.B. inasmuch as that case forms the basis of this complaint.  This Defendant

admits he was responsible for providing Defendant LCCS with assessments of possible abuse and neglect within the scope of the relevant agreement with LCCS to do so.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 16 of Plaintiffs' complaint

8.      Answering paragraph 19, this Defendant admits that at the time of his review of the case involving Plaintiff K.B., this Defendant provided Defendant LCCS with assessments of possible abuse and neglect pursuant to a Purchase of Service Agreement to which Defendant LCCS was a party.  This Defendant admits that the Purchase of Service Agreement references this Defendant as "a sole source provider . . . ."  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 19 of Plaintiffs' complaint.

### KB's Birth and Subsequent Pediatric Visits

9.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21-42 of Plaintiffs' complaint.

### Promedica Toledo Hospital and Defendant Anwer's, Lisk's, Tourner's, Dargart's, Rosenthal's, and Doe 1's Participation In Child Abuse Investigations, Findings, And Prosecutions

10.      Paragraph 54 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 54 of Plaintiffs' complaint.

11.      Answering paragraph 76 of Plaintiffs' complaint, this Defendant incorporates by reference his answer to paragraph 384 of Plaintiffs' complaint.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 76 of Plaintiffs' complaint.

12.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 43-53, 55-75, and 77-138 of Plaintiffs' complaint.


## Conscious [sic] Shocking Conduct of Defendant Anwer and Representations Made to LCCS Concerning the Same

13.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 139-153 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Lisk Representations Made to LCCS Concerning the Same

14.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 154-177 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Tourner and Representations Made to LCCS Concerning the Same

15.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 178-194 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Dargart and Representations Made to LCCS Concerning the Same

16.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 195-212 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Rosenthal and Representations Made to LCCS Concerning the Same

17.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 213-235 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Doe 1 and Representations Made to LCCS Concerning the Same

18.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 236-248 of Plaintiffs' complaint.

**Conscious [sic] Shocking Conduct of Defendants Answer, Lisk, Tourner, Dargart, Rosenthal, and Doe 1 as the Actual and Proximate Cause of Plaintiffs' Constitutional Deprivations and the Foreseeability of the Same**

19.     Paragraphs 249, 270, and 273 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 249, 270, and 273 of Plaintiffs' complaint.

20.     Paragraph 278 of Plaintiffs' complaint contains argument and legal conclusions to which no responsive pleading is required.  This Defendant denies any factual allegations in paragraph 278 of Plaintiffs' complaint as they relate to this Defendant, and this Defendant is without knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 278 of Plaintiffs' complaint.

21.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 250-269, 271-272, 274-277, and 279-282 of Plaintiffs' complaint.

**Defendant LCCS's Failure to Train Hospital Employees Concerning Child Abuse Investigations**

22.     Paragraph 283 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 283 of Plaintiffs' complaint.

23.     Paragraphs 292-293 of Plaintiffs' complaint contain argument and legal conclusions to which no responsive pleading is required.  This Defendant denies any factual

allegations in paragraphs 292-293 of Plaintiffs' complaint as they relate to this Defendant, and this Defendant is without knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraphs 292-293 of Plaintiffs' complaint.

24.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 284-291, and 294-298 of Plaintiffs' complaint.

### Defendant Schlievert's Participation in Child Abuse Investigations, Findings, and Prosecutions and LCCS's Reliance Thereon

25.     This Defendant admits the allegations contained in paragraph 299-301 of Plaintiffs' complaint.

26.     Answering paragraph 302 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 302 of Plaintiffs' complaint.

27.     Answering paragraph 303 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  By way of further answer, this Defendant admits he received employee compensation from his employer, Mercy St. Vincent Medical Center, at all times relevant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 303 of Plaintiffs' complaint.

28.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 304 of Plaintiffs' complaint.  This Defendant denies the remaining allegations in paragraph 304 of Plaintiffs' complaint.

29.     Answering paragraph 305 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 305 of Plaintiffs' complaint.

30.     Answering paragraph 306 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 306 of Plaintiffs' complaint.

31.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 307-311 of Plaintiffs' complaint.

32.     Answering paragraph 312 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 312 of Plaintiffs' complaint

33.     Answering paragraph 313 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  By way of further answer, this Defendant denies any allegation that the February 1, 2014 report did not reference the fact of vacuum use during KB's delivery, the fact that diffuse extra-axial fluid collections surrounding the brain were drained using burr holes, or the fact of KB's retinal hemorrhaging.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 313 of Plaintiffs' complaint.

34.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 314-316 of Plaintiffs' complaint.

35.     Paragraph 317 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 317 of Plaintiffs' complaint.

36.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318 of Plaintiffs' complaint.

37.     Answering paragraph 319 of Plaintiffs' complaint, this Defendant admits that Attorney Zaner presented to this Defendant certain reports as to Plaintiff KB, and that Attorney Zaner represented to this Defendant that the reports were drafted by the individuals identified in paragraph 319 of Plaintiffs' complaint.  This Defendant is without knowledge or information as to the authenticity of the aforementioned reports, and any admission in any paragraph of this Defendants' answer with respect to the aforementioned reports is only made with respect to what Attorney Zaner presented to this Defendant.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 319 of Plaintiffs' complaint.

38.     This Defendant denies the allegations contained in paragraph 320 of Plaintiffs' complaint.

39.     Answering paragraphs 321-325 of Plaintiffs' complaint, this Defendant incorporates his answer to paragraph 319 of Plaintiffs' complaint.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 321-325 of Plaintiffs' complaint.

40.     Answering paragraph 326 of Plaintiffs' complaint, this Defendant incorporates by reference his answer to paragraph 319 of Plaintiffs' complaint.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 326 of Plaintiffs' complaint.

41.     This Defendant denies the allegations contained in paragraph 327 of Plaintiffs' complaint.

42.     Answering paragraph 328 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 328 of Plaintiffs' complaint.

43.     Answering paragraph 329 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 329 of Plaintiffs' complaint.

44.     This Defendant admits the allegations contained in paragraph 330 of Plaintiffs' complaint.

45.     This Defendant admits the allegations contained in paragraph 331 of Plaintiffs' complaint.

46.     Answering paragraphs 332-341, 316[sic],[1] and 342-348 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraphs 332-341, 316[sic], and 342-348 of Plaintiffs' complaint.

47.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of Plaintiffs' complaint.

48.     Answering paragraph 350 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 350 of Plaintiffs' complaint.

49.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 351-352 of Plaintiffs' complaint.

50.     Answering paragraph 353 of Plaintiffs' complaint, this Defendant admits that Attorney Young provided this Defendant with a report as to Plaintiff KB, and that the report is represented by Attorney Zaner to be drafted by Dr. Randell Alexander, M.D., Ph.D.  This Defendant is without knowledge or information as to the authenticity of the Dr. Randell Alexander, M.D., Ph.D. report, and any admission in any paragraph of this Defendants' answer

---

[1] Page 46 of Plaintiffs' complaint (Doc. 1 at PageID #: 46), contains a paragraph "316" between paragraphs 341 and 342.

with respect to the Dr. Randell Alexander, M.D., Ph.D. report is only made with respect to what was presented to this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 353 of Plaintiffs' complaint.

51.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 354-355 of Plaintiffs' complaint.

52.     Answering paragraphs 356-357 of Plaintiffs' complaint, this Defendant admits that Attorney Young provided this Defendant with a report as to Plaintiff KB, and that the report is represented by Attorney Zaner to be drafted by Dr. Arthur Norman Guthkelch, M.D. This Defendant is without knowledge or information as to the authenticity of the Dr. Arthur Norman Guthkelch, M.D. report, and any admission in any paragraph of this Defendants' answer with respect to the Arthur Norman Guthkelch, M.D. report is only made with respect to what was presented to this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 356-357 of Plaintiffs' complaint.

53.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 358-360 of Plaintiffs' complaint.

54.     Answering paragraph 361 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer. By way of further answer, this Defendant denies the allegations in paragraph 361 of Plaintiffs' complaint with respect to his objectivity and intellectual honesty. This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 361 of Plaintiffs' complaint.

55.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 362-364 of Plaintiffs' complaint.

**Conscious [sic] Shocking Conduct of Defendant Schlievert – February Report – and Representations Made to LCCS Concerning the Same**

56.     This Defendant denies paragraph 365 of Plaintiffs' complaint.

57.     Paragraph 366 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  Further answering paragraph 366, this Defendant admits that the Purchase of Service Agreement references this Defendant as "a sole source provider . . . ." This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 366 of Plaintiffs' complaint.

58.     This Defendant denies the allegations contained in paragraphs 367- 371 of Plaintiffs' complaint.

59.     Answer paragraph 372 of Plaintiffs' complaint, this Defendant admits he knew that vacuum assisted vaginal delivery can be associated with intracranial injury.  This Defendant denies any remaining allegations in paragraph 372 of Plaintiff' complaint.

60.     This Defendant denies the allegations contained in paragraphs 373-374 of Plaintiffs' complaint.

61.     Paragraph 375 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraph 375 of Plaintiffs' complaint.

62.     This Defendant denies the allegations contained in paragraphs 376-378 of Plaintiffs' complaint.

63.     Answering paragraph 379 of Plaintiffs' complaint, this Defendant admits that the diagnosis of non-accidental trauma should include consideration of a patient's clinical presentation.  This Defendant is without knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 379 of Plaintiffs' complaint.

64.     Answering paragraph 380 of Plaintiffs' complaint, this Defendant admits he was responsible for taking necessary steps to access reasonably available and relevant information that was pertinent to his review of KB's case.  This Defendant denies any remaining allegations in paragraph 380 of Plaintiffs' complaint.

65.     This Defendant denies the allegations contained in paragraphs 381-383 of Plaintiffs' complaint.

66.     Answering paragraph 384 of Plaintiffs' complaint, this Defendant admits a prompt retinal exam is recommended.  This Defendant is without knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 384 of Plaintiffs' complaint

67.     Answering paragraph 385 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer, and admits that he considered relevant causative factors for the retinal hemorrhages at issue.  This Defendant denies any remaining allegations in paragraph 385 of Plaintiffs' complaint.

68.     This Defendant denies the allegations contained in paragraphs 386-388 of Plaintiffs' complaint.

69.     This Defendant admits the allegations contained in paragraph 389 of Plaintiffs' complaint.

70.     This Defendant denies the allegations contained in paragraphs 390-396 of Plaintiffs' complaint.

71.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 397 of Plaintiffs' complaint.

72.     This Defendant denies the allegations contained in paragraph 398 of Plaintiffs' complaint.

73.     This Defendant admits the allegations contained in paragraph 399 of Plaintiffs' complaint.

74.     Answering paragraph 400 of Plaintiffs' complaint, this Defendant admits he was responsible for taking necessary steps to access reasonably available and relevant information that was pertinent to his review of KB's case. This Defendant denies any remaining allegations in paragraph 400 of Plaintiffs' complaint.

75.     This Defendant denies the allegations contained in paragraph 401 of Plaintiffs' complaint.

76.     Paragraph 402 of Plaintiffs' complaint states legal conclusions to which no responsive pleading is required. This Defendant denies any remaining allegations in paragraph 402 of Plaintiffs' complaint.

77.     This Defendant denies the allegations contained in paragraphs 403-407 of Plaintiffs' complaint.

78.     This Defendant admits the allegations contained in paragraphs 408-409 of Plaintiffs' complaint.

79.     This Defendant denies the allegations contained in paragraphs 410-413 of Plaintiffs' complaint.

80.     Answering paragraph 414 of Plaintiffs' complaint, this Defendant admits bleeding disorders are still being studied. This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 414 of Plaintiffs' complaint.

81.     This Defendant denies the allegations contained in paragraphs 415-418 of Plaintiffs' complaint.

## Conscious [sic] Shocking Conduct of Defendant Schlievert – April Report – and Representations Made to LCCS Concerning the Same

82.     This Defendant denies the allegations contained in paragraph 419 of Plaintiffs' complaint.

83.     Answering paragraph 420 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 420 of Plaintiffs' complaint.

84.     This Defendant denies the allegations contained in paragraphs 421-422 of Plaintiffs' complaint.

85.     Answering paragraph 423 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 423 of Plaintiffs' complaint

86.     This Defendant admits the allegations contained in paragraphs 424-425 of Plaintiffs' complaint.

87.     Answering paragraph 426 of Plaintiffs' complaint, this Defendant admits he was responsible for taking necessary steps to access reasonably available and relevant information that was pertinent to his review of KB's case.  This Defendant denies any remaining allegations in paragraph 426 of Plaintiffs' complaint.

88.     This Defendant denies the allegations contained in paragraph 427 of Plaintiffs' complaint.

89.     Paragraph 428 of Plaintiffs' complaint states legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraph 428 of Plaintiffs' complaint.

90.     This Defendant denies the allegations contained in paragraphs 429-438.

91.     Paragraph 439 of Plaintiffs' complaint contains argument and legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraph 439 of Plaintiffs' complaint.

92.     This Defendant denies the allegations contained in paragraphs 440-457 of Plaintiffs' complaint.

93.     This Defendant admits the allegations contained din paragraph 458-459 of Plaintiffs'' complaint.

94.     This Defendant denies the allegations contained in paragraphs 460-463 of Plaintiffs' complaint.

95.     Answer paragraph 464 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 464 of Plaintiffs' complaint.

96.     This Defendant admits the allegations contained in paragraph 465 of Plaintiffs' complaint.

97.     This Defendant denies the allegations contained in paragraphs 466-497 of Plaintiffs' complaint.

98.     Paragraph 498 of Plaintiffs' complaint contains argument and legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraph 498 of Plaintiffs' complaint.

99.     This Defendant denies the allegations contained in paragraphs 499-502 of Plaintiffs' complaint.

**Conscious [sic] Shocking Conduct of Defendant Schlievert as the Actual and Proximate Cause of Plaintiffs' Constitutional Deprivations and the Foreseeability of the Same**

100.     This Defendant denies the allegations contained in paragraph 503 of Plaintiffs' complaint.

101.     Paragraph 504 of Plaintiffs' complaint contains argument and legal conclusions to which no responsive pleading is required.  Further answering paragraph 504, this Defendant admits he knew LCCS may might rely on his review of KB's case.  This Defendant denies any remaining allegations in paragraph 504 of Plaintiffs' complaint.

102.     Answering paragraphs 505-506 of Plaintiffs' complaint, this Defendant denies he made any false or reckless determination.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 505-506 of Plaintiffs' complaint.

103.     This Defendant denies any remaining allegations in paragraph 507 of Plaintiffs' complaint.

104.     Answering paragraph 508 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant is without knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 508 of Plaintiffs' complaint.

105.     Answering paragraph 509 of Plaintiffs' complaint, this Defendant incorporates by reference paragraph 1 of this answer.  This Defendant denies any remaining allegations in paragraph 509 of Plaintiffs' complaint.

106.     Paragraphs 510-512 of Plaintiffs' complaint contain legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraphs 510-512 of Plaintiffs' complaint.

107.     This Defendant denies the allegations contained in paragraphs 513-516 of Plaintiffs' complaint.

## LCCS Defendant Does 2-20's Unconstitutional Withholding
## of LB and KB

108.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517-518 of Plaintiffs' complaint.

109.    Answering paragraph 519 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 519 of Plaintiffs' complaint.

110.    Answering paragraph 520 of Plaintiffs' complaint, this Defendant denies he made any unfounded report and/or diagnosis.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 520 of Plaintiffs' complaint.

111.    Answering paragraph 521 of Plaintiffs' complaint, this Defendant denies he did not possess the requisite knowledge base to render the opinions relevant to this case or to perform the functions for which he was contracted pursuant to the Purchase of Service Agreement.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 521 of Plaintiffs' complaint.

112.    This Defendant denies the allegations contained in paragraph 522 of Plaintiffs' complaint.

113.    This Defendant denies the allegations contained in paragraphs 523-524 inasmuch as they incorporate the allegations of paragraph 522.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 523-524 of Plaintiffs' complaint.

114.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 525-530 of Plaintiffs' complaint.

## CLAIMS FOR RELIEF

### COUNT I:

115.     Answering paragraph 531 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.

116.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 532-533, and 535-537 of Plaintiffs' complaint.

117.     Paragraph 534 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 534 of Plaintiffs' complaint.

### COUNT II:

118.     Answering paragraph 538 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.

119.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 539-541, and 543-545 of Plaintiffs' complaint.

120.     Paragraph 542 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 542 of Plaintiffs' complaint.

### COUNT III:

121.     Answering paragraph 546 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.

122.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 547-548, and 551-553 of Plaintiffs' complaint.

123.     Paragraphs 549-550 contain legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 549-550 of Plaintiffs' complaint.

### COUNT IV:

124.     Answering paragraph 554 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.

125.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 555-556 of Plaintiffs' complaint.

126.     Paragraph 557 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant denies any remaining allegations in paragraph 557 of Plaintiffs' complaint.

127.     his Defendant denies the allegations contained in paragraphs 558-560 of Plaintiffs' complaint.


### COUNT V:

128.     Answering paragraph 561 of Plaintiffs' complaint, this Defendant incorporates by reference all preceding paragraphs of this answer.

129.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 562-563 of Plaintiffs' complaint.

130.     Paragraph 564 of Plaintiffs' complaint contains legal conclusions to which no responsive pleading is required.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 564 of Plaintiffs' complaint.

131.     This Defendant denies the allegations in paragraphs 565-567 as they relate to this Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraphs 565-567 of Plaintiffs' complaint.

## RELIEF REQUESTED

132.     This Defendant denies any factual allegations contained in paragraph 568 of Plaintiffs' complaint, and denies that any Plaintiff is entitled to any relief from this Defendant.

133.     This Defendant denies each and every other allegation contained in Plaintiffs' complaint not otherwise specifically admitted or denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' complaint is barred in whole or in part by the applicable statute(s) of limitations.

3.     Plaintiffs have failed to minimize and/or mitigate their injuries/damages/loss, if any.

4.     Plaintiffs' injuries/damages/loss were caused, in whole or in part, by the intervening and/or superseding acts of others over whom Defendant exercised no control.

5.     One or more of Plaintiffs' claims are barred by the doctrine(s) of collateral estoppel and/or res judicata.

6.     This Defendant was not acting under the color of law and was not a "state actor" or a "person" within the meaning of 42 U.S.C. § 1983.

7.     This Defendant is absolutely and/or qualifiedly immune pursuant to Ohio Rev. Code § 2151.421(G), other state statutes, federal statutes, and/or state and federal common law.

8. Plaintiffs' complaint fails to plead with the requisite specificity to overcome this Defendant's immunity(ies) from suit.

9. Plaintiffs have failed to properly exhaust state and/or administrative remedies.

10. Plaintiffs have failed to join all parties necessary for a just adjudication of this matter, and all or part of Plaintiffs' alleged injuries and/or damages may be attributed to one or more persons from whom Plaintiffs do not seek recovery in this action.

11. Plaintiffs' claims for punitive damages are improperly pled and are otherwise in violation of the statutes, common law, and Constitutions of the State of Ohio and the United States.

WHEREFORE, this Defendant demands that Plaintiffs' complaint be dismissed, with prejudice, at Plaintiffs' cost.

ROBISON, CURPHEY & O'CONNELL, LLC

/s/   Chad M. Thompson
James E. Brazeau (0016887)
Chad M. Thompson (0084044)
Robison, Curphey & O'Connell, LLC
Ninth Floor, Four Seagate
Toledo, OH 43604
(419) 249-7900
(419) 249-7911 – facsimile
jbrazeau@rcolaw.com
cthompson@rcolaw.com

Attorneys for Defendant Randall S. Schlievert, M.D., in his individual capacity

## JURY DEMAND

Defendant Randall S. Schlievert, M.D., in his individual capacity demands a trial by jury.

ROBISON, CURPHEY & O'CONNELL, LLC

/s/  Chad M. Thompson
James E. Brazeau (0016887)
Chad M. Thompson (0084044)
Robison, Curphey & O'Connell, LLC
Ninth Floor, Four Seagate
Toledo, OH 43604
(419) 249-7900
(419) 249-7911 – facsimile
jbrazeau@rcolaw.com
cthompson@rcolaw.com

Attorneys for Defendant Randall S. Schlievert,
M.D., in his individual capacity

**CERTIFICATE OF SERVICE**

Toledo, Ohio
April 11, 2016

     This is to certify that a copy of the foregoing was filed electronically this day, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Chad M. Thompson
Attorneys for Defendant Randall S. Schlievert, M.D., in his individual capacity